Kun.kle, J.
This is an action in which defendant in error sought to recover damages on account of a change of grade in the street in front of her premises.
In the lower court defendant in error, Elizabeth T. Haines, recovered a verdict in the sum of $1,670. Motion for a new trial was overruled and judgment was entered upon the verdict. From such judgment plaintiff in error prosecutes error to this court.
In brief, defendant in error in her petition claims that prior to 1909 that portion of Main street upon which her lands abut was outside the limits of the city of Dayton and for a period of more than forty years such highway had been maintained and improved ' at a definite fixed grade by the proper authorities; that she, relying upon the apparent permanence of such grade, improved her real estate to conform to said grade by erecting a dwelling house and stable, planting shade trees and fruit trees, constructing fences and laying out a driveway from said pike into and upon her premises; that in 1909 the city by appropriate action extended the city limits so as to include her land and the portion of Main street upon which it abutted; that in 1910 the council of said city fixed the grade of the portion of Main street upon which her land *441 abuts lower than the grade of the highway as it was then constructed and used; that in 1911 the ¡council of said city adopted an improvement resolution declaring it necessary to improve North Main street from Norman avenue to the north corporation line by setting stone or cement street curb, or combined curb and gutter of cement, and paving the roadway according to the grade established by council; and that a notice of the passage of this resolution was served on her, which notice was in the following form:
“Dayton, Ohio, March 14, ipu.
“To Elizabeth Haines:
“You are hereby given notice of the passage by the City Council of the City of Dayton, State of Ohio, on 27th day of February, 1911, of Improvement Resolution No. 861, which was duly approved by the Mayor of said city, declaring it necessary to improve North Main Street from Norman Avenue to the North Corporation line, by setting stone or cement straight curbing or combined curb and gutter of cement, and paving the roadway with either Erick, Sheet Asphalt, Bituminous Macadam [or certain other materials] in accordance with plans, specifications, estimates, and profiles on file in the office of the Dept, of Public Service.
“The expense of said improvement will be assessed by the foot frontage of the property bounding and abutting upon said improvement.
“By order of the Council.
“Wayne G. Lee, Clerk of Council%
“Harry Schmitz, Ass’t Clerk ”
*442 Defendant in error says she had no other notice, nor any knowledge that a change of grade was contemplated, until the work was commenced on the street in the autumn of 1912, in accordance with an ordinance to proceed passed by council April 21, 1911; that carrying out the provisions of the improvement resolution and ordinance the city has cut down the grade of Main street in front of her property so that the surface of the street is from three to seven feet below the surface of plaintiff’s land; that seven of plaintiff’s live shade trees were undermined, cut and damaged, so that they have died, and that all will be destroyed; that her driveway was destroyed, her fences torn down, her dirt and gravel to the amount of 3,250 cubic yards hauled away against her protest, and her means of ingress and egress to her property destroyed; and that on April 11, 1916, she filed a claim for damages with the Clerk of the Commission of the city of Dayton, which has never been allowed, adjusted, or paid, in whole or in part.
A demurrer was filed to this petition and was overruled by the lower court.
The answer of the city in'brief admits the allegations as to the legislation by the city council and that the improvement was made as provided thereby; it avers that plans and specifications for said improvement were on file in the office of the Director of Public Service December 10, 1910, and open to inspection, and that employes of the city were at all times ready and willing to explain the same; that defendant in error did not file any claim for damages within two weeks after the notice recited in the petition was served upon her; and that she *443 thereby waived her right to claim damages. It denies that she has been damaged, and denies all other allegations.
At the conclusion of the testimony of defendant in error the city asked for a directed verdict, claiming:
1. That the failure of defendant in error to file a claim within two weeks after service of notice barred any claim.
2. That there was no evidence that the land of defendant in error was any less valuable by reason of the change of the grade.
3. That the evidence as to the disposal of the dirt in the street, and as to the value of the trees and the cost of sloping and sodding and changing the driveway, did not establish her claim to any damages.
This motion was overruled, and the city, among other things, introduced testimony tending to show that the value of the property of defendant in error for platting purposes was increased by reason of the change of grade; that the shade trees were, within the line of the street; and that the contractor offered to slope the banks along the property of defendant in error, but that she refused to allow him to do so, etc.
Various errors are relied upon by the city to secure a reversal of this judgment.
We have carefully considered the authorities cited in the very exhaustive briefs which have been furnished by counsel. We shall, however, not attempt to discuss or distinguish these authorities in detail, but will merely announce the general conclusions at which we have arrived.
*444 The first question presented for consideration, and the one which goes to the foundation of the action, relates to the notice which was served upon defendant in error and other property owners of the proposed improvement.
Sections 3814, 3815 and 3816, General Code, relate to the passage of a resolution declaring the necessity for the improvement, the filing of plans, specifications, estimates, profiles, etc.
Section 3818, General Code, provides that a notice of the passage of such resolution shall be served by the clerk of council, or an assistant, upon the owner of each piece of property to be assessed, in the manner provided by law for the service of summons in civil actions.
Section 3823, General Code, provides that the owner of a lot, or of land, bounding or abutting upon the proposed improvement, claiming that he will sustain damages by reason of the improvement, shall, within two weeks after the service of the notice or completion of the publication thereof, file a claim in writing with the clerk of council, setting forth the amount of the damages claimed, etc.
Section 3911, General Code, reads as follows:.
“Proceedings with respect to improvements shall be liberally construed by the councils and courts, to secure a speedy completion of the work, at reasonable cost, and the speedy collection of the assessment after the time has elapsed for its payment, and merely formal objections shall be disregarded, but the proceedings shall be strictly construed in favor of the owner of the property assessed or injured, as to the limitations on assessment of private property, and compensation for damages sustained.”
*445 From a careful consideration of the sections of the Code referred to, the authorities cited by counsel, and the notice which was actually served upon defendant in error of the improvement in question, we are of opinion that the notice was insufficient to bind defendant in error, for the reason that such notice purports to define the nature of the improvement which the city intends to make in the street in front of the premises of defendant in error and entirely omits to advise defendant in error of the very important fact that a change of grade is contemplated or that the grade of the proposed improvement involves a material cut in front of her premises. This was an important feáture in so far as defendant in error was concerned. To her it wras probably the most important feature connected with the improvement of the street, yet the notice as served contained no suggestion that a change of grade was contemplated. It is true reference was made in the notice to the plans and specifications which were on file in the office of the city engineer, but in our opinion when a notice purports to define the nature of the improvement the failure to enumerate an important feature of the improvement would tend to mislead and would therefore be insufficient.
We think the failure to file a claim for damages within the specified time is in the nature of a forfeiture and the notice must be strictly construed, and that the law requires a notice sufficiently definite to advise the owner of the property of what the city proposes to do; that in the absence of such notice the property owner would not be estopped from asserting a claim for damages.
*446 Upon trial of the case the trial judge upon his own motion submitted two special findings relating to certain features of damage, so as to enable him upon a motion for a new trial to eliminate one or both of such elements of damage, in case he upon further consideration became convinced that the same were not proper. There was some controversy between counsel at the time and the court instructed the jury as to the part these findings should play in the general verdict for damages. Counsel for the city excepted to giving these special findings to the jury, and now complain that they were improper and had a tendency to mislead the jury in fixing the amount of the general verdict.
The verdict including the special findings is as follows:
“We do assess Plaintiff’s damages by reason of the premises in the sum of ($1670.00) Sixteen Hundred Seventy and 00/100 Dollars, as in part making up said damages we find that Plaintiff’s premises have been depreciated in value First: by reason of the loss of dirt and gravel in the sum of ($720.00) Seven Hundred Twenty and 00/100 Dollars. 2nd. By reason of injury to shade trees in the .sum of ($300.00) Three Hundred and 00/100 Dollars.”
Counsel for the city earnestly contend that the item of injury to the shade trees should not have been allowed and should now be eliminated from the verdict and judgment. This question is not free from doubt. There was evidence, however, tending to prove that the owner of the property planted said shade trees on or near the property line after the former alleged grade was established *447 by improvement and user. The evidence tends to prove that all the shade trees were within the legal limits of the highway. It also appears that at the time the alleged former grade was established the road was a country road, but that the city limits were subsequently extended so as to include the same.
The rights of an owner of abutting property who plants shade trees in the unused portion of a highway are not clearly defined, but we think the authorities establish the fact that such owner has certain rights in shade trees properly located on the unused portions of a highway, and that where by reason of a change of grade such trees are injured or destroyed damages therefor may be recovered in an action by the property owner.
If no change of grade had been made, and the injury to or removal of the shade trees had been required by the city for the purpose of improving the street, at the former established grade, then the question would be entirely different. We are at present considering a case where there is evidence tending to show that the trees were planted according to an established grade and were injured by an improvement based upon a change of grade. We are of opinion that the injury to the shade trees’ was properly considered as an element of damage.
We have also had difficulty with the item as to dirt and gravel. We are clearly of opinion that the city had a legal right to excavate, remove and appropriate so much of the dirt and gravel from in front of plaintiff’s premises as was necessary to make the fills on the improvement in question. The evidence tends to prove that 1,044 cubic yards of *448 the dirt and gravel in controversy were used for this purpose. The trial court erroneously stated in his charge that 850 cubic yards were required for the fill in the street, but this statement of the court can be cured by a remittitur.
The difficulty arises over the demand of the property owner to have all of the dirt and gravel which was removed from in front of her property hauled and deposited in a low place in the rear of her five-acre tract. We think the defendant in error had an interest in the dirt and gravel removed from the street in front of her property and not required in the improvement in question. We think her rights were subordinate to those of the city in making the improvement. The question is not without difficulty as to how her right to the excess dirt and gravel should be worked out. We have reached the conclusion that the most reasonable rule would be that the property owner, by proper demand, may obtain the excess dirt and gravel, when excavated by the city, the same to be delivered at the option of the city either at some convenient place on the street or some convenient place on the abutting property adjacent to the street. We do not think the city could be required to haul and deliver the dirt at some remote place on the plaintiff’s property.
We also think the demand which defendant in error made upon the contractor, under the circumstances of this case, was sufficient. It is true she demanded more dirt than she was entitled to, but the demand called the contractor’s attention to her claim, and he was not justified in entirely ignoring the same, but should have offered to deliver the dirt, after being excavated, either on the street or *449 at some convenient and proper place adjacent to the street.
Complaint is made that the demand of the property owner should have been made on the city or some authorized agent of the city, but we think the city by its contract committed that feature of the work to the contractor and that the demand on the contractor was sufficient to bind the city. The evidence was not very satisfactory as to the value of the dirt delivered on the street, or adjacent thereto, and it appears that the jury must have adopted the estimate made by certain witnesses as to the value of such dirt delivered at the point which the plaintiff selected. We think the verdict is excessive, and, while the evidence is not clear as to the exact amount of plaintiff’s damage, we have considered all the evidence in the record and have applied to a certain extent the rules of general information and have reached the conclusion that the item as to the removal of dirt and gravel should be reduced from $720 to $360. The reduction of this item to $360 also includes the amount to be remitted on account of the error of the trial court in reference to the amount of dirt and gravel required to make the fills in the street.
Counsel for the city contend, as above stated, that the jury was misled by the court submitting the special findings above referred to. We are of opinion that the trial court had the right, especially with the acquiescence of one of the counsel, to submit these special findings for his future guidance after a full consideration of the law applicable to the case. It was a practical way of dealing with doubtful items. The court in his general charge, *450 and also in explanation of the special findings, gave the jury the true rule as to the measure of damages, namely, the difference between the value of the property before the new grade was established and the value after such grade was established. We think the special findings are consistent with the rule so given, and we do not see how the giving of such special findings under the circumstances could have misled the jury.
We have examined all the questions presented and argued by counsel and are of opinion that there is no prejudicial error except as to the amount of the item for dirt and gravel.
If the plaintiff below will remit $360 from the amount of the verdict and judgment, the same, as modified, will be affirmed. Otherwise the judgment will be reversed and the cause remanded for new trial.

Judgment accordingly.

Allread and Ferneding, JJ., concur.